IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LOURDES LUGO-GUZMAN<br>her husband and the conjugal partnership represented by them<br>Plaintiffs<br><br>vs<br><br>METROPOLITAN LIFE INSURANCE CO.<br>d/b/a METLIFE; XYZ INSURANCE COMPANY<br>Defendants | CIVIL 05-1614CCC |

# O R D E R

This is an action removed from the Commonwealth court which was initially filed on January 24, 2005 and amended on April 11, 2005. Defendant was served on May 25, 2005 and within the thirty-day period removed the case to this Court on June 8, 2005 (docket entry 1). The amended complaint was duly filed in translated form. On June 21, 2005 plaintiffs' attorney requested leave to withdraw without giving any reason in support thereof (docket entry 5). This request was denied by the Court by endorser order dated July 19, 2005.

On July 15, 2005 defendant filed its answer to the amended complaint (docket entry 8) and a Motion for Judgment on the Pleadings (docket entry 9) based on the grounds that plaintiffs' complaint is governed by ERISA since it is a challenge to the insurer's decision to terminate payment of disability benefits to plaintiff under an employee welfare benefit plan regulated by ERISA. The dispositive motion asserts that ERISA does not permit recovery of punitive or extra-contractual compensatory damages and that plaintiff's complaint seeking such damages arising from the termination of her disability benefits must be dismissed due to the preemptive breadth of ERISA. Instead of addressing this motion, plaintiffs filed a request for voluntary dismissal without prejudice five days thereafter (**docket entry 10**), which was opposed by defendant two days later (**docket entry 11**). Although plaintiff's request to tender

CIVIL 05-1614CCC                                    2

reply to the opposition was filed three weeks later (**docket entry 18**), the Court GRANTS authorization and ORDERS the filing of the reply tendered on August 16, 2005 (**docket entry 19**).

Plaintiffs have not advanced any reason that would justify a dismissal without prejudice which leaves the door open for re-filing of the complaint and the need for defendant to again submit an answer and a dispositive motion. The cases cited by plaintiff are distinguishable from the present one since the dispositive motion neither presents complicated legal questions involving the choice of Commonwealth law nor difficult issues of state law that might make resolution in the state court more appropriate. Plaintiff have not disputed the fact that her complaint is governed by ERISA. Therefore, there is no valid consideration regarding a dismissal in order for her to pursue state remedies. This case was removed strictly on ERISA grounds and no challenge by way of remand was raised. The judgment on the pleadings is a straightforward motion based on plaintiff's own allegations and her non-entitlement, under ERISA, of the type of damages she seeks.

Accordingly, the Motion to Dismiss Without Prejudice (**docket entry 10**) is DENIED. Plaintiff shall file the opposition to the Motion for Judgment on the Pleadings filed since July 15, 2005 (docket entry 9) no later than AUGUST 31, 2005. Failure to comply with this Order will result in the dismissal <u>with</u> prejudice of the amended complaint pursuant to Fed.R.Civ.P. 41(b).

SO ORDERED.

At San Juan, Puerto Rico, on August 17, 2005.

S/CARMEN CONSUELO CEREZO
United States District Judge